UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN D. POWELL,<br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT<br>    Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-11436-DPW<br>)<br>)<br>)<br>) |

## DEFENDANT HOME DEPOT U.S.A., INC.'S
## ANSWER AND JURY DEMAND

The Defendant, Home Depot U.S.A., Inc. (improperly named in Plaintiff's Complaint as "Home Depot") (hereinafter referred to as "Defendant") hereby answers the averments of the Complaint filed by Plaintiff Stephen D. Powell ("Plaintiff") as follows:

### ALL COUNTS[1]

### Parties

(i)     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "(i)" of Plaintiff's Complaint, without, and therefore denies such allegations.

(ii)     Defendant admits that Home Depot U.S.A., Inc. has its principle place of business in Atlanta, Georgia. Defendant denies the remaining allegations contained in Paragraph "(ii)" of Plaintiff's Complaint.

### [Jurisdiction]

---

[1] Because Plaintiff's Complaint does not begin numbering paragraphs until the "Fact" section on page 2, and because the Complaint is not numbered in consecutive Paragraphs thereafter, Defendant has inserted "(i), (ii), and (iii)" for the first three Paragraphs of the Complaint, which are unnumbered, and Defendant has inserted "4.", "5.", "6.", etc. for each consecutive paragraph that follows those which Plaintiff numbered as 1, 2, and 3.

(iii)    The allegations contained in Paragraph "(iii)" of Plaintiff's Complaint call for a legal conclusion, to which Defendant is not required to respond. To the extent that Defendant is required to respond, Defendant states that because Plaintiff did not file or serve upon Defendant a Civil Action Cover Sheet, and because Plaintiff has not asserted the specific statute upon which he asserts this Court has jurisdiction pursuant to U.S.C. § 1332 within his Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "(iii)" of Plaintiff's Complaint.

### Facts

1.    Defendant admits that Plaintiff was given a written Associate Performance Notice on August 1, 2001 and August 4, 2001. Defendant denies the remaining allegations contained in Paragraph "1" of Plaintiff's Complaint. Further answering, to the extent the allegations contained in Paragraph "1" of Plaintiff's Complaint refer to a document(s), the document(s) speaks for itself.

2.    Defendant denies the allegations contained in the first sentence in paragraph "2" of Plaintiff's Complaint, except that Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's having allegedly felt "humiliated and embarrassed." Further answering, Defendant admits that on December 21, 2001, Plaintiff's bag was searched by Everett Police Officer Vetrano, who stopped Plaintiff at the front of the store after Plaintiff set off the store's alarm system. Defendant denies the remaining allegations contained in the second sentence of Paragraph "2" of Plaintiff's Complaint. Further answering, Defendant denies the remaining allegations contained in Paragraph "2" of Plaintiff's Complaint except Defendant admits that an associate named Shanna Le was terminated in June of 2002.

3.    Defendant admits that on or about October 29, 2002, Plaintiff and Troy Dolan were involved in a disagreement, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence in Paragraph "3" of Plaintiff's Complaint, and therefore denies such allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences in Paragraph "3" of Plaintiff's Complaint, and therefore denies such allegations, except Defendant admits that Mr. Danny Barry was an Assistant Store Manager on duty at the Everett, Massachusetts store on the date of this incident. Defendant denies the allegations contained in the last sentence in Paragraph "3" of Plaintiff's Complaint, except Defendant admits that Management made the decision to send Plaintiff home on the date of this incident, and that Plaintiff received a written Discipline Notice on November 13, 2002 regarding this incident.

4.    Defendant denies the allegations contained in the first sentence in Paragraph "4" of Plaintiff's Complaint, except Defendant admits that an Investigative Conference was held at the Massachusetts Commission Against Discrimination on or about February 26, 2002. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second through fifth sentences contained in Paragraph "4" of Plaintiff's Complaint, and therefore denies such allegations. Defendant denies the allegations contained in the sixth sentence in Paragraph "4" of Plaintiff's Complaint, except Defendant admits that, effective April 15, 2002, Plaintiff received a $1.00 per hour merit increase. Defendant denies the allegations contained in the seventh sentence in Paragraph "4" of Plaintiff's Complaint, except Defendant admits that Plaintiff had not earned five merit badges as of April 2002. Defendant is without knowledge and information sufficient to form a belief as to the truth

3

of the allegations that Plaintiff "felt [the merit pay increase] was a way to pay [him] off," as contained in the eighth sentence contained in Paragraph "4" of Plaintiff's Complaint. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in the ninth and tenth sentences in the Paragraph "4" of Plaintiff's Complaint, and therefore denies such allegations.

5.    Defendant denies the allegations contained in the first sentence in Paragraph "5" of Plaintiff's Complaint.  Further answering, Defendant states that Ms. Ana Hernandez filed a complaint alleging that Plaintiff made numerous inappropriate and/or sexually implicit comments to her prior to and including January 28, 2004. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in Paragraph "5" of Plaintiff's Complaint, except Defendant admits that Human Resources met with Plaintiff regarding this allegation on January 28, 2004. Defendant denies the allegations contained in the third sentence in Paragraph "5" of Plaintiff's Complaint, except Defendant admits that Plaintiff provided a written statement to Human Resources on January 28, 2004 regarding this incident.  Further answering, to the extent the allegations contained in the third sentence in Paragraph "5" of Plaintiff's Complaint refer to a document, the document speaks for itself.  Defendant denies the allegations contained in the fourth sentence in Paragraph "5" of Plaintiff's Complaint, except Defendant admits that two other associates provided written statements regarding the January 28, 2004 incident.   Further answering, to the extent the allegations contained in the fourth sentence in Paragraph "5" of Plaintiff's Complaint refer to a document(s), the document(s) speaks for itself.  Defendant denies the allegations contained in the fifth sentence in Paragraph "5" of Plaintiff's Complaint, except Defendant admits that two other associates provided written statements regarding the January 28, 2004 incident.   Further

answering, to the extent the allegations contained in the fifth sentence in Paragraph "5" of

Plaintiff's Complaint refer to a document(s), the document(s) speaks for itself. Defendant denies

the allegations contained in the sixth sentence in Paragraph "5" of Plaintiff's Complaint.

6.       Defendant denies the allegations contained in the first sentence in Paragraph "6"

of Plaintiff's Complaint, except Defendant admits that Mr. John Auger is employed by Home

Depot as District Loss Prevention Manager. Further answering, Defendant states that on April

15, 2004, Plaintiff was asked to report to the manager's office by Mr. Auger. Defendant admits

the allegations contained in the second sentence in Paragraph "6" of Plaintiff's Complaint.

Defendant denies the allegations contained in the third sentence in Paragraph "6" of Plaintiff's

Complaint, except Defendant admits that Mr. Auger closed the door after Plaintiff entered the

Manager's Office. Defendant denies the allegations contained in the fourth sentence in

Paragraph "6" of Plaintiff's Complaint. Further answering, Defendant states that Plaintiff was

instructed not to make any decisions regarding free or discounted tool rentals without

management involvement, he was asked about his involvement in two specific tool rental

transactions in April of 2004, and he was asked how Plaintiff thought Home Depot can reduce

shrinkage. Defendant denies the allegations contained in the fifth sentence in Paragraph "6" of

Plaintiff's Complaint, except Defendant admits that Plaintiff was asked to punch out for the day

until management could speak with Human Resources. Defendant denies the allegations

contained in the sixth sentence in Paragraph "6" of Plaintiff's Complaint, except Defendant

admits that shortly after the meeting, Mr. Auger asked Plaintiff was asked to punch back in.

Further answering, Defendant states Plaintiff was asked to punch back in after Human Resources

spoke with management regarding this issue and so that management could discuss Human

Resources' decision to issue Plaintiff a written Discipline Notice. Further answering, to the

extent the allegations contained in Paragraph "5" of Plaintiff's Complaint refer to a document, the document speaks for itself.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of Plaintiff's Complaint regarding Plaintiff's alleged discussion with Kurt Michael Levich in March of 2003, and therefore denies such allegations.  Further answering, Defendant admits that Mr. Levich was employed as the Store Manager at the Everett, Massachusetts Home Depot store in March of 2003.  Defendant denies the remaining allegations contained in Paragraph "7" of Plaintiff's Complaint, except Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of Plaintiff's Complaint regarding how Plaintiff felt, and therefore Defendant denies such allegations.

8.    Paragraph "8" of Plaintiff's Complaint sets forth Plaintiff's prayer for relief, to which no response is required.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which any relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to assert the legal basis or bases of his claim(s).

3.    Plaintiff's claims are barred, in whole or in part, because he has failed to comply with the applicable administrative procedures that are a prerequisite to maintaining this action.

4.    Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies.

5.    Plaintiff's claims are barred, in whole or in part, because of the applicable statute of limitations, to the extent such claims were not presented to the EEOC and/or the

Massachusetts Commission Against Discrimination in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law under Title VII or M.G.L. c. 151B.

6.    Some or all of Plaintiff's claims are barred, in whole or in part, because all actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

7.    Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant's actions toward Plaintiff, if any, were at all times in good faith and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

8.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered an adverse employment action.

9.    Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate his damages, if any.

10.    Any entitlement of Plaintiff to punitive damages for the alleged discriminatory employment decisions of Defendant is contrary to Defendant's good faith efforts to comply with all equal employment opportunity laws.

11.    The Plaintiff is estopped from asserting Plaintiff's claims by Plaintiff's own actions.

12.    Defendant acted without malice or fault in all conduct relating to this matter.

13.    Defendant at all time acted in good faith toward Plaintiff.

14.    Some or all of Plaintiff's claims are barred by the Exclusivity Provision of the Massachusetts Worker's Compensation Act.

15.    Defendant has in place a clear and well-disseminated policy against discrimination on the basis of Race and Color, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the

extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

16.     To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to issue written warnings to Plaintiff (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiff but for such discriminatory intent or motive.

17.     If any improper, illegal, or discriminatory act were taken by any Home Depot employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Home Depot's policies, and was not ratified, confirmed, or approved by Home Depot. Thus, any such actions cannot be attributed or imputed to Home Depot.

18.     Any improper, illegal, or discriminatory actions by any Home Depot employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Home Depot and, thus, cannot be attributed or imputed to Home Depot.

19.     Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Complaint at any time material to his Complaint.

20.     Some or all of Plaintiff's claims are barred, in whole or in part, because he has failed to allege facts which would entitle him to punitive damages.

21.     Defendant is not liable for punitive damages under federal or state law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

8

22.    Some or all of Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, laches and unclean hands.

23.    Plaintiff's Complaint is barred, in whole or in part, because Defendant's detention and/or restraint of Plaintiff, if any, was justified as a legitimate exercise of appropriate authority and/or duty to investigate theft.

24.    Plaintiff's Complaint is barred, in whole or in part, because Defendant's actions, including, but not limited to, Defendant's detention or restraint of Plaintiff, if any, were consented to by Plaintiff and/or were not against Plaintiff's will and/or Plaintiff was free to leave the investigation interview at any time.

25.    Any alleged actions that may have occurred by Defendant were consented to by Plaintiff or were reasonable given the circumstances.

26.    Defendant's actions did not create a reasonable apprehension or fear of imminent bodily harm to Plaintiff, and Defendant did not intend to injure Plaintiff or to cause Plaintiff to fear injury.

27.    Defendant did not inflict a harmful or offensive contact with Plaintiff, nor did Defendant intend to do so.

28.    Defendant did not negligently or intentionally engage in extreme or outrageous conduct toward Plaintiff nor did Defendant negligently or intentionally cause Plaintiff to suffer emotional distress.

29.    Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

30.    Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

9

31.    Some or all of Plaintiff's claims are barred because Plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

32.    Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

33.    Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE the Defendant, Home Depot U.S.A., Inc., respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Home Depot its costs and attorney's fees incurred in this action, and award Home Depot any such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant, Home Depot U.S.A., Inc., hereby claims a trial by jury as to all counts.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By Its Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
(617) 523-6666

Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)
Karen E. Olson (BBO NO. 633179)

Date: August 11, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the pro se litigant, Mr. Stephen D. Powell, at his address of records: 41 Hilburn Street, Roslindale, MA 02131, by first-class U.S. Mail this 11th day of August, 2004.

Karen E. Olson