STEPHEN D. POWELL, Pro se.
STEPHEN D. POWELL
41 HILBURN STREET
ROSLINDALE, MA 02131

FILED
IN CLERKS OFFICE

2005 FEB -3  P 4: 2!

U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN D. POWELL,<br>Plaintiff,<br><br>vs.<br>HOME DEPOT, INC.,<br>&<br>HOME DEPOT, U.S.A., INC.,<br><br>Jointly and Severally Defendant(s),<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: NO. CV No.:04-11436-DPW<br><br><br><br><br><br>FIRST AMENDED CIVIL COMPLAINT OF PLAINTIFF, "STEPHEN POWELL" PURSUANT TO FED. RULES OF CIVIL PROC.RULE 15 (a); Rule 15( c )(1)(2)(3); RULE 15(c)(3)(A)(B); RULE 15(d); AFFIDAVIT IN SUPPORT OF AMENDED CIVIL COMPLAINT; AND JURY TRIAL DEMAND |

Dated this 1st. day of February, 2005

STEPHEN D. POWELL, Pro'se.

By: _____
STEPHEN D. POWELL
41 HILBURN STREET
ROSLINDALE, MA 02131
(617) 306-9032
(617) 363-9129

STEPHEN D. POWELL

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, Stephen D. Powell, hereinafter refer to as "Powell", brings suit alleging

Excessive Hostile Work Environment and Harassment; Denial of Timely Performance

Equal Pay due to sex color, and race under Federal Title VII of 1964; Equal Pay Act. of

1963; and Massachusetts Human Rights and applicable Labor Act ; Selective, Prejudicial,

In Prompt, Partial and Excessive Failure of Management's Duty of Fair and Objective

Investigation and Representation due to sex , race and color of the Plaintiff, Stephen D.

Powell, growing out of alleged sexual harassment, in violation Plaintiff's rights pursuant

to Federal Title VII Act 1964; Management Employees' ill-willful and Excessive on the

job harassment of the Plaintiff, Stephen D. Powell, due to his, sex, race and color;

Management Employees' Willful and Excessive Dissemination of False Information

against the Plaintiff; Unreasonable, unlawful and unjustifiable detention constituting false

arrest of the Plaintiff by the defendant's Home Depot, U.S.A., Inc. Everett,

Massachusetts' management personnel and the corporate upper management failure to in

properly intervene, investigate, and take appropriate measures to correct the situation, in

violation of Plaintiff's Stephen D. Powell's Civil Human Right Act of 1991; Federal

U.S.C.A. Amends IV; Title VII Act of 1964; and the Commonwealth of Massachusetts

Constitution pursuant to Massachusetts Human Civil Rights Act; Defamation; Libel and

Slander; False Accusation; and Common law assault based on stereotypes and

assumptions about the Plaintiff, Stephen D. Powell's work abilities, traits, and

performance due to race and color in violation of Plaintiff's Fedaral Constitutional

Rights, U.S.C.A. Amend 14; Unreasonable Search and Seizure of Plaintiff's person and

belongings without justification in violation Plaintiff's constitutional, civil and statutory

STEPHEN D. POWELL

rights under the Federal Constitution and applicable statutes, U.S.C. A. Amends IV and under the Commonwealth of Massachusetts Civil Right Act;  Plaintiff demands judgment against the defendant(s) jointly and severally in their individual, corporate, and management capacity (hereinafter referred to as "Defendant(s) Jointly and severally"").

## I. Parties

A. Plaintiff "Stephen D. Powell" is a resident of Suffolk County, Commonwealth of Massachusetts.

B. The Defendant Home Depot, U.S.A, INC., (HOME DEPOT, U.S.A., INC.) is an Atlanta corporation with primary residence in Atlanta; acting through and by its management personnel pattern and practice and doing business in the Commonwealth of Massachusetts, and has been previously served.

## II. Federal Jurisdiction

This court has subject matter jurisdiction under United States Constitution and Treaties pursuant to U.S.C.A Amend  4, 7, and 14 respectively; Federal Title VII of 1964; Equal Pay Act of 1963; Human Civil Right Act of 1991, 28 U.S.C. §1343; 28 U.S.C. §1331; 28 U.S.C. §1332; 28 U.S.C. §1332 (c);. Plaintiff submits that he would be damaged by an amount exceeding $75,000 excluding interest and costs should his claim not be allowed.

-3-                    STEPHEN D. POWELL

## III. FACTUAL BACKGROUND AND AFFIDAVIT

Plaintiff, Stephen D. Powell, hereinafter called "POWELL" in this first amended civil

complaint against the Defendant, Home Depot, U.S.A. Inc., reincorporates all factual

allegations as set out in his initial civil complaint against the defendant "Home Depot, Inc.,

and set them out into this amended complaint, as though the allegations are fully set out in

this first amended complaint. Further, Plaintiff, "POWELL" states that:

A. Plaintiff, Stephen D. Powell is a 36-year-old, single parent male of African American
   descent.

B. On or about January 02, 2001 Stephen D. Powel was hired by the defendant, Home
   Depot, U.S.A. Inc.

C. Plaintiff, Stephen D. Powell work location at the time of hiring was and still at the
   present time, at the Defendant's branch / final point home remodeling retail sales store
   located at #1 Mystic View Road, Everett, Massachusetts

D. Defendant, Home Depot, U.S.A., Inc., hired Plaintiff, "Powell" to work (part-time) in this
   capacity as an associate sales employee at the defendant, Home Depot, U.S.A., Inc.,
   Everett , Massachusetts location.

E. Plaintiff, Stephen D. Powell's designated work hours at the time of his hiring were
   between the hours of 9:00 A.M and 3:00 P.M. and has never been changed till present.

F. On or about December 20, 2001, the defendant, Home Depot, U.S.A. Inc.'s Everett,
   Massachusetts on duty upper management personnel ill-willfully, unreasonably without
   legal or proper justification, unlawfully detained and seized the Plaintiff, Stephen D.

Powell's person and personal belonging person as a result of a faulty store door alarm that was previously well known to the management personnel and associate employees.

G. On or about August 1, 2001 Plaintiff, Stephen D. Powell was cited by the Defendant, Home Depot, U.S.A. Inc.'s acting supervisor on duty "Mr. Gary Davis." Gary Davis cited the Plaintiff, Stephen D. Powell under the Defendant's policy or procedure. The citation was accompanying by a written Disciplinary Notice explaining in part the section of the alleged company's policy or procedure that was violated by the Plaintiff, Stephen D. Powell. In addition, the written disciplinary notice described the alleged violation and stated in part that ("Stephen Powell was scheduled 8:00 AM – 3:00 PM, August 1, 2002. As of 8:55 A.M., Stephen had not arrived at work.......).

H. On or about August 4, 2001 Plaintiff, Stephen D. Powell was cited by the Defendant, Home Depot, U.S.A. Inc.'s acting supervisor on duty "Mr. Paul Citro." Paul Citro cited the Plaintiff, Stephen D. Powell under the Defendant's policy or procedure. The citation was accompanying by a written Disciplinary Notice explaining in part the section of the alleged company's policy or procedure that was violated by the Plaintiff, Stephen D. Powell. In addition, the written disciplinary notice described the alleged violation and stated in part that ("Steven works a set schedule at his request as noted on the punch detail report.........This is a violation of company policy and will not be tolerated at the home depot. This issue needs to be fixed ASAP NO EXCEPTIONS").

I. On or about December 21, 2001, the defendant, Home Depot, U.S.A. Inc.'s Everett, Massachusetts on duty upper management personnel ill-willfully, unreasonably without legal or proper justification, invited into its retail store, three Everett, Massachusetts Police Department Officer(s), (Officer Vetrano and two other officers); cooperated and

joined the police officer(s) in the further unlawful detention of the plaintiff, Stephen

Powell for the purposes of an unlawful, and unreasonable search of the Plaintiff's

personal belongings without consent.

J.  On or about February 26, 2002 an Investigative Conference was held at the

Massachusetts Commission Against Discrimination because of Plaintiff, Stephen D.

Powell's employment discrimination complaint against the defendant, Home Depot,

U.S.A. Inc.

K.  On or about January 3, 2002 Plaintiff, Stephen D. Powell was appraised on his job

performance by "Kerry Sweet". Following the job performance appraisal, on or about

January 7, 2002 Stephen D. Powell's job performance was 3 on the performance scale

level of 5. Following the job performance review, a "Good" written Associate

Performance Notice was issued to the Plaintiff, Stephen D. Powell through the

Defendant, Home Depot, U.S.A. Inc.'s Human Resource Department. However, Plaintiff,

Stephen D. Powell was never given any pay raise after the job performance evaluation as

applied to other employees that were evaluated by the defendant management personnel

under the same policy, procedure and criteria at the "same time and place" prior and after

the Plaintiff, Stephen D. Powell's work performance was evaluated.

L.  On or about April 5, 2005 Plaintiff, Stephen D. Powell was again appraised of his job

performance under the Home Depot, U.S.A. Inc.'s  (MR) "Merit Review") procedure.

However, Plaintiff, Stephen D. Powell did not receive any pay raise while other

associates received their pay raise on or about January 7, 2002 when Plaintiff, Stephen D.

Powell's job performance was rated "3" on the performance scale level of "5". Following

the job performance review, a "Good" written Associate Performance Notice was issued to the Plaintiff,

M. On or about April 15, 2002 the defendant, Home Depot, U.S.A. Inc.'s effectively added $1:00 per hour merit badge increase to Plaintiff, Stephen D. Powell's pay check. As a result of Plaintiff, Stephen D. Powell's series of "Equal Pay Raise" complaint and subsequent job discrimination complaint filed with Massachusetts Commission Against Discrimination ("MCAD") against the defendant, Home Depot, U.S.A. Inc.

N. On or about October 29, 2002, "Dolan Troy" worked in his capacity as an associate employee and or upper management personnel of the defendant's Home Depot, U.S.A., Inc., at the defendant's Everett, Massachusetts retail location.

O. On or about October 29, 2002, "Danny Barry" worked in his capacity as an associate employee/Assistant Manager and or upper management personnel of the defendant's Home Depot, U.S.A., Inc., at the defendant's Everett, Massachusetts retail location.

P. On or about October 29, 2002, "Troy Dolan" knowingly, willfully, unlawfully and unreasonably without justification or provocation reached toward the Plaintiff, "Stephen D. Powell," with a sharp blade object / box cutter fully extended in his hand, harassed, and threatened the Plaintiff, Stephen D. Powell's job, life and physical well-being. As a result of "Dolan Troy's" action, Plaintiff, Stephen D. Powell" became very fearful of his life and well-being around his work environment and especially around "Dolan Troy."

Q. On or about October 29, 2002, and thereafter the defendant, Home Depot, U.S.A., Inc., corporate management had been made aware of the incident but, through the defendant's facially defective practice, pattern, and policy that failed to protect Stephen D. Powell's Federal and State constitutional and statutory rights, the defendant unreasonably failed to

investigate the matter at the minimum and or take appropriate action to correct it and to protect the Plaintiff, Stephen D. Powell from his hostile work environment.

R. On or about October 29, 2002, following the defendant, Home Depot, U.S.A., Inc.'s associate employee's "Troy Dolan" unlawful action, Plaintiff Stephen D. Powell was sent home by the present and acting management personnel "Danny Barry" who acted under the Defendant, Home Depot, U.S.A., Inc.'s defective police, pattern and practice, without adequate and or unbiased investigation into the circumstances surrounding the incident and or unprovoked actions and actions of omission of "Dolan Troy."

S. On or about November 13, 2002 without any fair, unbiased and or adequate investigation into the incident by the defendant, Plaintiff. Stephen D. Powell was cited by the Defendant, Home Depot, U.S.A., Inc.'s Everett upper management personnel. Plaintiff, Stephen Powell was subsequently given an unfavorable unfavorably Disciplinary Notice under the defendant's facially defective policy, practice and pattern. As a result of the incident (not through the fault of the Plaintiff, Stephen D. Powell) occurring on or about October 29, 2002 between "Troy Dolan" and the Plaintiff, "Stephen D. Powell."

T. On or about January 28, 2004 "Ana Hernandez was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. And Ana Hernandez was working in her associate employee's capacity at the Defendant Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about January 28, 2004 when she falsely accused Plaintiff, Stephen D. Powell of making "numerous inappropriate and/or sexually implicit comments to her prior and including January 28, 2004."

U. On or about January 28, 2004, Plaintiff, Stephen D. Powell was ordered to report and or appear before the Defendant, Home Depot, U.S.A., Inc. Everett, Massachusetts, Human

Resource Department as a result of Ana Hernandez's alleged inappropriate sexual inappropriate comments complaint against the Plaintiff, Stephen D. Powell.

V. On or about January 28, 2004 Plaintiff, Stephen D. Powell denied the allegation against him and submitted a written statement to the present and acting Human Resource Management Personnel.

W. On or about January 28, 2004, during the course of the hearing on "Ana Hernandez's" complaint against the Plaintiff, Stephen D. Powell, two other associates willfully presented themselves before the Defendant, Home Depot, U.S.A. Inc., Everett, Massachusetts's Human Resources Department Personnel. The presented associates provided written statements indicating that "Ana Fernandez's" complaint against the Plaintiff, Stephen D. Powell," was untrue and unfounded.

X. On or about January 28, 2004 the defendant, Home Depot, U.S.A., Inc., acting through and by its Everett, Massachusetts' Human Resource Department Personnel became aware that "Ana Hernandez" allegations against the Plaintiff, Stephen D. Powell" were unfounded, untrue and alleged with reckless disregard for the truth and possible consequences against the Plaintiff, Stephen D. Powell.

Y. On or about January 28, 2004 following the hearing, the defendant, Home Depot, U.S.A., Inc., acting through and by its Everett, Massachusetts' Human Resource Department Personnel informed Plaintiff, Stephen D. Powell that the allegations as were made against him by "Ana Hernandez" has been resolved.

Z. On or about January 28, 2004 Plaintiff, Stephen D. Powell properly requested that the Defendant, Home Depot, U.S.A., Inc., acting through and by its Everett, Massachusetts' Human Resource Department Personnel, take immediate action to correct the situation so

that it does not happen again. The defendant, Home Depot, U.S.A., Inc., acting through and by its Everett, Massachusetts' Human Resource Department Personnel and under its facially and substantively defective policy, practice, and pattern, that failed to protect Stephen D. Powell's Federal and State constitutional and statutory rights, informed the Plaintiff, Stephen D. Powell" that he should ignore the entire substance of the allegations that were made against him by "Ana Hernandez" because this is "THE WOMEN'S WORLD."

AA. On or about March 24, 2004 the Massachusetts Commission Against
Discrimination issued its "Dismissal an Notice of Rights."

BB. On or about April 15, 2004 "John Auger" was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. And "John Ager" was working in his associate employee's "Loss Prevention Manager" capacity at the Defendant Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about April 15, 2004 when he ordered the Plaintiff, Stephen D. Powell into the manager's office, closed the door, placed a chair behind the door, and actively restricted Plaintiff, Stephen D. Powell" movement and or from freely leaving the manager's office based on allegation of employees from the store's tool rental department.

CC. On or about April 15, 2004 "John Auger" was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. And "John Ager" was working in his associate employee's "Loss Prevention Manager" capacity at the Defendant Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about April 15, 2004 when he made numerous racial remarks toward the Plaintiff, Stephen D. Powell and characterized Plaintiff as an "incompetent associate employee based upon racial trait."

DD. On or about April 15, 2004 "John Auger" was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. And "John Ager" was working in his associate employee's "Loss Prevention Manager" capacity at the Defendant Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about April 15, 2004 when "John Ager" without any type of investigation (according to the company written police and procedure) into the employees stealing allegation unreasonably without justification recommended to "Mr. Carr" the presented location acting manager that Plaintiff, Stephen D. Powell should immediately be relieved of his sales duty.

EE. On or about April 15, 2004 "John Auger" was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. And "John Ager" was working in his associate employee's "Loss Prevention Manager" capacity at the Defendant, Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about April 15, 2004 when "John Ager and Mr. Carr", as loss prevention and store manger, respectively, without justification relieved the Plaintiff, Stephen D. Powell from further tool rental decision making and subsequently asked to punch out and leave the store premises until further notice from the defendant, Home Depot, U.S.A., Inc.'s Human Resource Department Personnel. Plaintiff, Stephen d. Powell immediately complied with the order to punch out and leave the business premises.

FF. On or about April 15, 2004 "John Auger" was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. And "John Ager" was working in his associate employee's "Loss Prevention Manager" capacity at the Defendant, Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about April 15, 2004 when "John Ager and Mr. Carr", intentionally, ill-willfully and without justification blocked off and stopped Plaintiff,

Stephen D. Powell while he was getting ready to leave the defendant's business premises and ordered Plaintiff to go back to Plaintiff's department, punch-in, and resume his duties pending Defendant's Home Depot, U.S.A. Inc.'s Human Resource Department's written Disciplinary Action Notice.

GG. On or about April 15, 2004 "Mr. Carr" was an Associate employee of the Defendant, Home Depot, U.S.A., Inc. "Mr. Carr" was working in his associate employee capacity as "Store Manager" at the Defendant, Home Depot, U.S.A., Inc. Everett, Massachusetts retail location on or about April 15, 2004 when "Mr. Carr and John Ager",   without minimal investigation or justification ordered the Plaintiff, Stephen D. Powell to punch-out and leave the defendant's business premises (contrary to the defendant's Home Depot, U.S.A. Inc.'s written policy, procedure, pattern and practice. And as applied to another associate employee "Shanna Le" prior to employment termination); and subsequently stopped Plaintiff, Stephen D. Powell while he was getting ready to leave the defendant's business premises and ordered Plaintiff to go back to Plaintiff's department, punch-in, and resume his duties pending Defendant's Home Depot, U.S.A. Inc.'s Human Resource Department's written Disciplinary Action Notice.

HH. On or about June 5, 2004, Elliot S. Bursack, Psy. D., Clinical Psychologist and Plaintiff, Stephen D. Powell's treating psychologist wrote a letter to the Defendant, Home Depot U.S.A., Inc.'s Everett, Massachusetts' retail location manager "Mr. Owen Willies." In his letter, "Mr. Bursack, E" treating psychologist recommended that the Defendant, Home Depot, U.S.A. Inc's, management personnel placed the Plaintiff, Stephen D. Powell on a leave of absence due to "Excessive Work-Related Stress and Severe Anxiety Disorder."

II.  On or about June 21, 2004, Plaintiff, "Stephen D. Powell" filed his initial civil complaint

at the United States District Court, For The District of Massachusetts, against the

defendant and duly served a copy of his civil complaint upon the Defendant, Home

Depot, U.S.A., Inc. at its Everett, Massachusetts business district Office.

JJ.  On or about August 11, 2004, the defendant, Home Depot, U.S.A. Inc., through its legal

counsel "Robert P. Joy" responded to Plaintiff, "Powell's" civil complaint.

KK.  In response to Plaintiff, "Powell" civil complaint and pursuant to Federal Rule 7.1(A)

and Local Rule 7.3(A), the Defendant Home Depot, U.S.A. Inc., through legal counsel

"Robert P. Joy" certified that:

> **"the Defendant Home Depot U.S.A., Inc. was improperly named as Home Depot. In addition, Defendant's legal counsel "Robert P. Joy" indicated that the ultimate parent company of Home Depot U.S.A., Inc. is "Home Depot, Inc." a publicly owned corporation. The Home Depot, In. owns the company that owns Home Depot, U.S.A., Inc." See: Defendant, "Home Depot U.S.A., INC.'S CORPORATED DISCLOSURE    STATEMENT PURSUANT TO FEDERAL RULES 7.1 AND LOCAL RULE 7.3" dated August 11, 2004 and filed with the Court in response to Plaintiff "Powell's" civil complaint.**

LL.  On or about August 11, 2004, in response to Plaintiff, "Powell's" initial civil complaint

against the Defendant "Home Depot," the Defendant, "HOME Depot" asserted that:

> **Because Plaintiff did not file or serve upon Defendant a Civil Action Cover Sheet, and because Plaintiff has not asserted the specific statute upon which the Plaintiff, "Powell" asserts that this Court has jurisdiction pursuant to U.S.C. § 1332 within the complaint," Defendant was without knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph "(iii) of Plaintiff's Complaint." Def. Resp. Jurisdiction, at 1(iii).**

WHEREFORE, PREMISES CONSIDERED and Pursuant to FED. RULES OF

CIVIL PROC.RULE  15 (a); Rule 15( c )(1)(2)(3); RULE 15(c)(3)(A)(B);  and RULE 15(d),

respectively, Plaintiff, "Stephen D. Powell"  respectfully seeks leave of this Honorable Court and

permission to file Plaintiff "Powell's" First Amended Civil Complaint against the Defendant as

attached herein. Further, Plaintiff, "Powell" respectfully submits that he has sustained both the

Federal and State constitutional and statutory right violations including economic losses as a

result of the defendants' unlawful, unreasonable, malicious, willful, and without justification or

provocation conduct and conducts of actions or omission. Plaintiff, "Powell" respectfully

submits that he sustained damaged by an amount exceeding $75,000 excluding interest and costs

should his first amended complaint and claim not be allowed.

Submitted under the penalty of perjury this __1__ day of Feb, ,2005

Respectfully submitted,

By: _____

Stephen D. Powell, Pro se.


41 Hillburn Street
Roselindale, MA 02131
617-363-9792
617-306-9032

Dated: Feb 1 ,2005

## Cause of Action

Plaintiff, Stephen D. Powell claims are stated in five counts:

## <u>Count I</u>

## Hostile work Environment and Harassment

Plaintiff, Stephen D. Powell's cause of action in count one "hostile work environment" and "Harassment" discrimination stems from Title VII of the Civil Rights Act of 1964; United States Constitution, U.S.C.A. Amend.V and XIV; Massachusetts' Constitution Article 12 and Human Civil Rights. These laws and treaties prohibit the Defendant, Home Depot U.S.A., Inc., acting through or by its upper management associates and or personnel (employer) from discriminating against "Stephen D. Powell" with respect to the terms and conditions of his employment, because of his race, color, religion, sex, or national origin.

The conduct and conduct of actions of omission of the defendant upper management associates and or personnel were of the nature, degree and frequency constituting hostile work environment and harassment discrimination against the Plaintiff, "Stephen D. Powell." The "hostile work environment" and "Harassment" actually sustained by "Stephen D. Powell while working for the defendant at the Everett, Massachusetts business location, in fact adversely effected the "term and condition of Stephen D. Powell's employment."

Therefore, the conduct and conduct of actions of omission as complained by "Stephen D. Powell" against the Defendant, Home Depot, U.S.A., Inc., are attributable to one of the protected classifications under Title VII of the Civil Rights Act of 1964. The defendant's conduct and conduct of actions of omission constituting "hostile work environment" and "Harassment" was unwelcome; the harassment and hostile work environment was based on Plaintiff, Stephen D. Powell's protected classification (race, sex); the defendant's harassing conduct was sufficiently

severe or pervasive to the degree that it in fact affected the "terms, conditions, or privileges of

Stephen D. Powell's employment; and the conduct and or conduct of actions of omission of

hostile work environment and harassment was committed by the named manager(s) and

supervisor(s), or the defendant, Home Depot, U.S.A. Inc. (employer), through its managerial and

or  supervisory personnel, because it knew or should have known of the harassment and failed to

take immediate and appropriate corrective action.

The Defendant, Home Depot, U.S,A., Inc., knew or should have known that "hostile" or

"abusive work environment" exists at its Everett, Massachusetts business location, as the

workplace is constantly permeated with discriminatory intimidation, ridicule, and insult, which is

sufficiently severe or pervasive to the point of altering the conditions of Plaintiff, "Stephen D.

Powell's" psychological well-being; detract "Stephen D. Powell" from job performance;

discourage Stephen D. Powell from remaining on the job; and kept  Stephen D. Powell from

advancing in his career and employment to the degree that a "reasonable person" under the same

work environment would have in fact felt subjected to a "hostile work environment" and

"Harassment" as Plaintiff, "Stephen D. Powell" felt. The Defendant, Home Depot, U.S,A., Inc.,

knew or should have reasonably known that "hostile" or "abusive work environment" exists at its

Everett, Massachusetts business location, as the workplace is constantly permeated with bodily

physically threat, humiliation, and or offensive utterances.

Defendant, Home Depot (Employers) should have taken Plaintiff, Stephen D. Powell's

every complaint seriously because hostile work environment and harassment that Plaintiff.

"Stephen D. Powell" complained about deal with upper management associates / personnel's

conduct over a period of time rather than one event. During each complaint the Defendant, Home

Depot, U.S.A., Inc., (employer) had an opportunity and a responsibility to explore if there has

been any prior conduct that could be considered pervasive by the Plaintiff, "Stephen D. Powell"

or a reasonable person. But, the Defendant, Home Depot, U.S.A., Inc. knowingly failed to take

immediate and appropriate corrective action.

## Count II

## Denial of Timely Basic Performance Equal Pay Due to Color, and Race

Plaintiff, "Stephen D. Powell's" cause of action in count II, "Denial of Timely Basic

Performance  Equal Pay due to color, and  race stems from Federal Title VII of 1964; Equal Pay

Act of 1963. The Defendant, Home Depot through and by its upper management personnel,

systematically without justification or provocation excluded "Stephen D. Powell from timely

obtaining performance increases wage payment under the Defendant's written policy, pattern,

and business procedure.

## Count III.

## Common law assault, Failure to Properly Train Upper Management

## Personnel; Federal Due Process and Equal Protection Right.

Plaintiff, "Stephen D. Powell's" cause of action in count III stems from Common law

assault, Failure to Properly Train Upper Management Personnel; Federal Due Process and Equal

Protection Right. Plaintiff, "Stephen D. Powell" is an associate employee working for the

Defendant, Home Depot, U.S.A., Inc. Stephen D. Powell did everything to be an upstanding

employee. He came in for his regular working shift.  Stephen D. Powell conducted himself with

total honesty and honorably. Stephen D. Powell did not do anything without the approval of a

manager. On or about October 29, 2002, "Troy Dolan" knowingly, willfully, unlawfully,

intentionally  and unreasonably without justification or provocation reached toward the Plaintiff,

"Stephen D. Powell," with a sharp blade object / box cutter fully extended in his hand, harassed,

and threatened the Plaintiff, Stephen D. Powell's job, life and physical well-being. As a result of

"Troy Dolan's" action and action of omission, Plaintiff, "Stephen D. Powell" became very

fearful of his life and well-being around his work environment and especially around "Dolan

Troy." On or about October 29, 2002, and thereafter the defendant, Home Depot, U.S.A., Inc.,

corporate management was made aware of the eminent physical bodily harm treats, and had

previously been made aware of other incidents, but, through the defendant's facially defective

practice, pattern, and policy, and failure to properly train its Everett, Massachusetts' upper

management personnel, the Defendant "Home Depot U.S.A., Inc." failed to protect Stephen D.

Powell's Federal and State constitutional and statutory rights.

The defendant, "Home Depot U.S.A., Inc.," unreasonably failed to properly investigate

any of the matters or at the minimum take appropriate action to correct it and to protect the

Plaintiff, Stephen D. Powell from his hostile work environment. On or about October 29, 2002,

following the defendant, Home Depot, U.S.A., Inc.'s associate employee's "Troy Dolan"

unlawful action, Plaintiff "Stephen D. Powell" was sent home by the present and acting

management personnel "Danny Barry" who acted under the Defendant, Home Depot, U.S.A.,

Inc.'s defective police, pattern and practice, without adequate and or unbiased investigation into

the circumstances surrounding the incident and or unprovoked actions and actions of omission of

"Dolan Troy."

On or about November 13, 2002, the Defendant Home Depot, U.S.A., Inc acted through

and by its upper management associates and or manager(s), and without any fair, unbiased and or

adequate investigation into the conduct of "Troy Dolan", cited Plaintiff, "Stephen D. Powell"

for insubordination. As reason, an unfavorable unfavorly Disciplinary Notice was given to the

Plaintiff, "Stephen D. Powell" under the defendant's facially defective policy, practice and

STEPHEN D. POWELL

pattern. As reason, Plaintiff, "Stephen D. Powell" was embarrassed with the attendant severe

emotional abused.  As a result of the incident, associate employees would remember that the

Plaintiff, "Stephen D. Powell's" employment, life and well-being was threatened right before the

rest of the employees,  by his immediate managerial superior "Troy Dolan" and after which

"Stephen D. Powell" was ordered to punch out and leave the business premises.

## Count IV

## Defamation; Libel and Slander; False Accusation, Subjective Investigation

## and Failure of Equal Representation Due to Sex, Race and Color

Plaintiff "Stephen D. Powell's" cause of action in count IV,  stems from "Defamation; Libel and

Slander; False Accusation, Subjective Investigation and Representation due to sex , race and

color of the Plaintiff, Stephen D. Powell, and Denial of Equal Protection under The Federal Title

VII 1964." On or about January 28, 2004 "Ana Hernandez was an Associate employee of the

Defendant, Home Depot, U.S.A., Inc. And Ana Hernandez was working in her associate

employee's capacity at the Defendant Home Depot, U.S.A., Inc. Everett, Massachusetts retail

location on or about January 28, 2004 when she falsely accused Plaintiff, Stephen D. Powell of

making "numerous inappropriate and/or sexually implicit comments to her prior and including

January 28, 2004." On or about January 28, 2004, Plaintiff, Stephen D. Powell was ordered to

report and or appear before the Defendant, Home Depot, U.S.A., Inc. Everett, Massachusetts

Human Resource Department as a result of "Ana Hernandez's" alleged inappropriate sexual

inappropriate comments complaint against the Plaintiff, Stephen D. Powell.

On or about January 28, 2004 Plaintiff, Stephen D. Powell denied the allegation against

him and submitted a written statement to the present and acting Human Resource Management

Personnel. On or about January 28, 2004, during the course of the hearing on "Ana Hernandez's"

complaint against the Plaintiff, Stephen D. Powell, two other associates willfully presented

themselves before the Defendant, Home Depot, U.S.A. Inc., Everett, Massachusetts's Human

Resources Department Personnel. The presented associates provided written statements

indicating that "Ana Fernandez's" complaint against the Plaintiff, Stephen D. Powell," was

untrue and unfounded. On or about January 28, 2004 the defendant, Home Depot, U.S.A., Inc.,

acting through and by its Everett, Massachusetts' Human Resource Department Personnel

became aware that "Ana Hernandez" allegations against the Plaintiff, Stephen D. Powell" were

unfounded, untrue and alleged with reckless disregard for the truth and possible consequences

against the Plaintiff, Stephen D. Powell.

On or about January 28, 2004 following the hearing, the defendant, Home Depot, U.S.A.,

Inc., acting through and by its Everett, Massachusetts' Human Resource Department Personnel

informed Plaintiff, Stephen D. Powell that the allegations as were made against him by "Ana

Hernandez" has been resolved. On or about January 28, 2004 Plaintiff, Stephen D. Powell

properly requested that the Defendant, Home Depot, U.S.A., Inc., acting through and by its

Everett, Massachusetts' Human Resource Department Personnel, take immediate action to

correct the situation so that it does not happen again.

The defendant, Home Depot, U.S.A., Inc., acting through and by its Everett,

Massachusetts' Human Resource Department Personnel and under its facially and substantively

defective policy, practice, and pattern, that failed to protect Stephen D. Powell's Federal and

State constitutional and statutory rights, informed the Plaintiff, Stephen D. Powell" that he

should ignore the entire substance of the allegations that were made against him by "Ana

Hernandez" because this is "THE WOMEN'S WORLD."

## Count V.

## Federal and state Constitutional Rights Violations, Unreasonable Search and Seizure, U.S.C.A. Amend IV AND XIV; and Massachusetts Constitution and Civil Right Article 12.

Plaintiff "Stephen D. Powell's" cause of action in count V, stems from the violations of the Plaintiff, Stephen D. Powell's federal and state Constitutional Rights, Unreasonable Search and Seizure, U.S.C.A. Amend 14 and Massachusetts Constitution and Civil rights. On or about December 20, 2001, the defendant, Home Depot, U.S.A. Inc.'s Everett, Massachusetts on duty upper management personnel ill-willfully, unreasonably without legal or proper justification, unlawfully detained and seized the Plaintiff, Stephen D. Powell's person and personal belonging person as a result of a "faulty store door alarm" that was previously well known to the management personnel and associate employees at Everett, Massachusetts business location.

On or about August 1, 2001 Plaintiff, "Stephen D. Powell" was cited by the Defendant, Home Depot, U.S.A. Inc.'s acting supervisor on duty "Mr. Gary Davis." Gary Davis cited the Plaintiff, Stephen D. Powell under the Defendant's policy or procedure. The citation was accompanying by a written Disciplinary Notice explaining in part the section of the alleged company's policy or procedure that was violated by the Plaintiff, "Stephen D. Powell."

WHEREFORE, PREMISES CONSIDERED and Pursuant to FED. RULES OF CIVIL PROC.RULE 15 (a); Rule 15( c )(1)(2)(3); RULE 15(c)(3)(A)(B); and RULE 15(d), respectively, Plaintiff, "Stephen D. Powell" respectfully seeks leave of this Honorable Court and permission to file Plaintiff "Powell's" First Amended Civil Complaint against the Defendant as attached herein.  Further, Plaintiff, "Powell" respectfully submits that he has sustained both the Federal and State constitutional and statutory  right violations including economic losses as a

-21-                                STEPHEN D. POWELL

result of the defendants' unlawful, unreasonable, malicious, willful, and without justification or provocation conduct and conducts of actions or omission.

Further, Plaintiff, "Powell" respectfully submits that he sustained damaged by an amount exceeding $75,000 excluding interest and costs should his first amended complaint and claim not be allowed.

Respectfully submitted,

By: _____

Stephen D. Powell, Pro se

41 Hillburn Street

Roselindale, MA 02131

617-363-9192

617-306-9032

Dated: January 31, 2005