UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN D. POWELL,<br>　　　Plaintiff,<br>v.<br>HOME DEPOT,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DEFENDANT'S OPPOSITION<br>TO PLAINTIFF'S MOTION FOR<br>LEAVE TO FILE AMENDED<br><br>Civil Action No. 04-11436-DPW |

NOW COMES Defendant Home Depot U.S.A., Inc.[1] ("Defendant" or "Home Depot") in the above captioned action and respectfully requests this Court deny Plaintiff *Pro Se* Stephen D. Powell's ("Plaintiff" or "Mr. Powell") Motion for Leave to File Amended Answer. As grounds for its motion, Defendant states that: 1) the deadline for Plaintiff to amend his Complaint passed on November 4, 2005, nearly four months ago, and any prejudice caused by Plaintiff's failure to amend in a timely manner was a result of his own failure to respond to Defendant's attempts to litigate this matter and 2) Plaintiff's Amended Complaint is simply a reiteration of the same set of facts contained in the first Complaint accompanied by claims that are improperly plead.

**INTRODUCTION**

Plaintiff seeks to amend his Complaint originally filed with this Court on June 21, 2004. Plaintiff's original Complaint contained several factual allegations, but failed to set forth specific statutes or law Defendant allegedly violated. Nevertheless, Defendant answered Plaintiff's Complaint on August 11, 2005 and following the September Scheduling Conference, noticed

---

[1] Plaintiff has improperly named Home Depot U.S.A., Inc. as "Home Depot."

Plaintiff's deposition[2] for March 14, 2005 so that Defendant could further flesh out Plaintiff's allegations. Plaintiff's Amended Complaint contains no new factual allegations and attempts to qualify the statutes and law Defendants allegedly violated.

## ARGUMENT[3]

### I. Standard for Granting a Motion to Amend

Rule 15 (a) of the Federal Rules of Civil Procedure permits leave to amend a complaint before the opposing party has filed a responsive pleading. *See* Fed. R. Civ. Pro. 15(a). Once a responsive pleading has been filed, the party seeking to amend must seek court approval which is "freely given when justice so requires." *See id.* Though leave to amend under Rule 15(a) is liberally granted, the Supreme Court has outlined several reasons for a trial court to deny a motion to amend including undue delay, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *See U. S. v. Pfizer, Inc.*, 2002 WL 32128635 *1 (D. Mass. 2002) (Saris) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Because Plaintiff seeks to amend his Complaint after the entering of the scheduling order pursuant to Rule 16(b), the applicable standard is "not the 'freely given' Rule 15(a) standard[,] but the more stringent 'good cause' standard under Fed. R. Civ. P. 16(b)." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). Rule 16(b) requires the entry of a

---

[2] On February 28, 2005, Plaintiff filed several "motions for extension of time." Plaintiff appears to be seeking the Court's assistance in gaining additional time to respond to Defendant's written discovery requests served February 10, 2005 and in postponing his March 14, 2005 deposition noticed by Defendant on February 1, 2005. Defendant includes this reference to Plaintiff's newly filed motions for the sake of clarity and will respond, in full, to those motions in the time proscribed under Local Rule 7.1 of the Federal Rules of Civil Procedure.

[3] Defendant reserves the right to move for summary judgment on any and all of Plaintiff's

scheduling order that includes a deadline for amending the pleadings. *See* Fed. R. Civ. Pro. 16(b)(1). After the entry of the scheduling order, "the court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *O'Connell*, 357 F.3d at 154 (citing Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b)). Accordingly, Rule 16(b)'s "good cause" standard, rather than Rule 15(a)'s "freely given" standard, governs motions to amend filed after scheduling order deadlines. *See id* at 154 (internal and string citations omitted).

The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking the amendment. *See id.* at 155 (string citation omitted). "Prejudice to the opposing party remains relevant but is not the dominant criterion. '[I]ndifference by the moving party seal[s] off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.'" *See id.* (internal citations omitted).

Regardless of the standard applied, Plaintiff's Motion to Amend must be denied as it is both untimely and futile.

## II. Plaintiff's Motion to Amend is Untimely

The Parties proposed and the Court agreed to a November 4, 2004 deadline for the filing of amended complaints. After being wholly unresponsive to Defendant's myriad attempts, both verbally and in writing, to communicate with Plaintiff regarding his duties as required under the Federal Rules of Civil Procedure, Plaintiff now moves this Court four months after the agreed upon deadline to amend his Complaint. Despite Defendant's efforts to remind Plaintiff of his duties, Plaintiff refused to provide Defendant with his initial settlement demand and his initial

---

claims.

disclosure which are now five months overdue. *See* Exhibit A, Defendant's October 5, 2004; October 27, 2004; December 23, 2004; and February 2, 2005 letters to Plaintiff regarding compliance with the Federal Rules of Civil Procedure. Plaintiff's failure to become engaged in this litigation in a timely manner is due to his own unexplained delinquency and occurred in spite of Defendant's best efforts to remind him of the rules and obligations that coincide with the filing of a civil action in federal court. To allow Plaintiff to amend his Complaint at this late stage would only reward Plaintiff's failure to litigate and abide by the Federal Rules of Civil Procedure and discount Defendant's best efforts to cooperate with a *pro se* plaintiff.

### III. Plaintiff's Motion to Amend is Futile

Even if the Court were inclined to ignore Plaintiff's failure to amend his Complaint in a timely manner, Plaintiff's Motion to Amend must be denied because it is futile as Plaintiff asserts constitutional claims against Defendant and has failed to exhaust administrative remedies regarding claims of unlawful discrimination.

    a. Plaintiff's Amended Complaint Includes Constitutional Claims

Counts III, IV, and V of Plaintiff's Amended Complaint include constitutional claims against Defendant. These claims fail as a matter of law because Home Depot is a private entity, and Plaintiff has made no allegation (and could not substantiate an allegation) that Home Depot is a state or government actor. "The Supreme Court of the United States has long held that the United States Constitution applies only to actions by governments and their employees. The Supreme Judicial Court has found the same requirement exists under the Massachusetts Constitution. … Accordingly, in order to maintain a valid claim under the Fourteenth Amendment or the Massachusetts Constitution, a plaintiff must allege a deprivation of rights

fairly attributable to the State." *Tynecki v. Tufts Univ. Sch. of Dental Med.*, 875 F. Supp. 26, 30 n.5 (D. Mass. 1994) (internal citations omitted). Because there is no allegation that Home Depot is a state or government actor liable for state and federal constitutional violations of Plaintiff's right to due process, equal protection, and/or equal representation, Counts III, IV, and V of Plaintiff's Amended Complaint fail to state a legally cognizable claim and as such, are futile.

        b. <u>Plaintiff has Failed to Exhaust Administrative Remedies</u>[4]

Plaintiff filed a charge of discrimination at the Massachusetts Commission Against Discrimination ("MCAD") in fulfillment of administrative requirements on January 4, 2002 (the "January 2002 Charge"). The January 2002 Charge alleged that Defendant discriminated against Plaintiff because of his race and/or color by subjecting him to a hostile work environment which included; 1) the denial of insurance coverage after passing the probationary period; 2) an assistant manager speaking to Plaintiff in a "very disrespectful manner"; and 3) an accusation of stealing that resulted in Plaintiff being harassed and humiliated in front of his co-workers. *See* Exhibit B, a true and accurate copy of Plaintiff's January 4, 2002 Charge of Discrimination, MCAD Docket Number 02BEM00024. On July 22, 2003, the MCAD issued a lack of probable cause finding noting that: 1) Home Depot's denial of insurance was due to the fact that Plaintiff was a part-time employee who did not qualify for benefits; 2) the two instances of profanity by Plaintiff's assistant manager were insufficient to constitute harassment; and 3) Plaintiff submitted a written statement stating that he consented to the search and that Plaintiff failed to demonstrate that he was treated differently than other similarly situated employees. *See* Exhibit

---

[4] Defendant reserves its right, should the Court grants Plaintiff's instant Motion to Amend, to raise any and all substantive challenges to any legal theories allowed based on the fully developed discovery record.

C, a true and accurate copy of the MCAD's July 22, 2003 lack of probable cause finding.

Because a charge of discrimination, at that time, needed to be filed within six months of the alleged act, Plaintiff's January 2002 Charge would cover incidents of alleged race or color discrimination that occurred from July 4, 2001 – January 4, 2002 and any incidents of continued discrimination related to those alleged in the January 2002 Charge that occurred after this time period. *See Campbell v. BankBoston*, 206 F.Supp.2d 70, 80 (D. Mass. 2002) (Lasker) (citing MG.L. ch. 151 B, § 5)[5]. Though somewhat unclear, Counts I, II, III, and IV relate to incidents that occurred after January 4, 2002 that are wholly unrelated to the allegations contained in Plaintiff's January 2002 Charge. In addition, to the extent that these claims assert an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has failed to allege when he received his Right to Sue letter and that he has filed his Title VII claims (regardless of whether they relate back to his initial filing) within 90 days of having received that notice.

"'In employment discrimination cases the scope of the civil complaint is ... limited by the charge filed with the EEOC [or MCAD] and the investigation which can reasonably be expected to grow out of that charge.'" *Joseph v. Wentworth Inst. of Tech.*, 120 F.Supp.2d 134, 140 (D. Mass. 2000) (Lasker) (citing *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996)). Accordingly, Plaintiff was required to file additional charges of discrimination with the MCAD within six months (or 300 days if the filing occurred subsequent to November 5, 2002, *see*

---

[5] Chapter 151B currently mandates that a claim of unlawful discrimination must be brought within three hundred days of the alleged unlawful act. *See* M.G. L. c. 151B, § 5. However, this provision of Chapter 151B was amended to increase the statute of limitations for the mandatory administrative filing at the MCAD from six months to 300 days, and the amendment applies prospectively. *See* Chapter 223 of the Acts of 2002 (signed by Acting Governor Swift on August 7, 2002, and effective 90 days thereafter).

footnote 4 below) of each alleged discriminatory act not contained in his January 2002 Charge. *See Salman v. GSS, Inc.*, 1998 WL 307472 *2 (D. Mass. 1998) (Lasker).  Because Plaintiff failed to raise the allegations of discrimination with the MCAD or other investigatory entity that were not contained in his January 2002 Charge, these allegations cannot be considered, and his claims fail as a matter of law. *See id.*

## **CONCLUSION**

For the foregoing reasons, Defendant Home Depot U.S.A., Inc. respectfully requests that this Court deny Plaintiff's Motion to Amend Complaint.  The Plaintiff's Motion to Amend is untimely, and the causes of action Plaintiff attempts to plead are otherwise futile -- they are not actionable against a private employer and/or do not have, at least in part, a timely mandatory administrative predicate.  The Court should therefore deny Plaintiff's Motion to Amend.

    Respectfully submitted,

    HOME DEPOT, U.S.A., INC.,

    By Its Attorneys,

    MORGAN, BROWN & JOY, LLP
    200 State Street
    Boston, Massachusetts  02109
    (617) 523-6666

    __s/ Leah M. Moore_____
    Robert P. Joy, Jr. (BBO No. 254820)
    Joseph P. McConnell (BBO No. 566412)
    Leah M. Moore (BBO No. 658217)

Date:   March 2, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the pro se litigant, Mr. Stephen D. Powell, at his address of records: 41 Hilburn Street, Roslindale, MA 02131, by first-class U.S. Mail this 2nd day of March 2005.

                                                    s/ Leah M. Moore_____
                                                    Leah M. Moore