**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

### - DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Stephen Powell<br>41 Hilburn St.<br>Roslindale, MA 02131 | **Case:** Stephen Powell v. Home Depot<br>**MCAD Docket Number:** 02BEM00024<br>**EEOC Number:** 16CA200609<br>**Investigator:** Brian Flaherty |
|---|---|---|

Your complaint has been dismissed for the following reasons:

[ ]   The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]   Respondent employs less than the required number of employees.

[ ]   Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]   The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]   The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X]   The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]   Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____          _____
Walter J. Sullivan Jr.                                               Date   7/14/03
Investigating Commissioner

MCAD Docket Number 02BEM00024, Dismissal and Notification of Rights with Appeal          Page   1
Rights

*entered*

| | |
|---|---|
| TO: | CASE FILE |
| FROM: | Brian Flaherty |
| CASE: | Stephen Powell v. Home Depot U.S.A, Inc |
| MCAD NO: | 02 13 00024 |
| EEOC NO: | 16CA200609 |
| NO OF EMP: | 25+ |
| RE: | **RECOMMENDATION FOR DISMISSAL OF THE COMPLAINT** |

**Issues Investigated:**

Whether Complainant has been subjected to harassment and different terms and conditions of employment and had benefits denied based on his race and color (black) in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 1 and Title VII of the Civil Rights Act of 1964.

Complainant states that he began working for Respondent in or about December 2000. Complainant asserts that Assistant Manager Paul Citro, a white male, has subjected Complainant to a hostile work environment. Complainant states that Citro has denied Complainant medical coverage, speaks to him in a very demeaning manner, changes his hours around, and has accused Complainant of stealing. Complainant cites as examples of harassment that Citro has said to Complainant, "What the fuck are you doing / Move this SHIT its blocking the aisle."

Respondent states that they have not discriminated against Complainant in any way. Regarding Complainant's allegation that he has been wrongfully accused of stealing, Respondent states that on December 21, 2001, Complainant set the theft prevention alarm off when entering the building. Respondent states that their Door Monitor did not stop Complainant (he apparently thought it was Complainant's steel-toed boots which set off the alarm), but a local police officer whom Respondent employees for security insisted on looking into the cause of the alarm. Respondent asserts that Complainant was very agitated, and refused to cooperate for some time. Respondent states that Complainant's bag was checked, and that the situation came to an end. Regarding Complainant's allegation that he is denied benefits, Respondent asserts that Complainant is a part-time employee, and thus not entitled to benefits.

**Summary of Findings:**

Complainant fails to demonstrate that he has been subjected to harassment *based on his membership in a protected class,* which is of a severe or pervasive nature so as to alter his work environment. Complainant has only offered two examples of alleged profanity from his supervisor. It is well settled that M.G.L. Ch. 151B is not a 'clean language' statute.

Regarding Complainant's claim that he was denied benefits, the investigation revealed that Complainant is a part-time worker, and as such not entitled to medical benefits. Complainant states that an Assistant Manager nevertheless offered Complainant medical benefits, and Complainant feels aggrieved that he never received such benefits. Complainant fails to demonstrate that similarly situated part-time employees not in his protected class receive benefits.

Concerning Complainant's claim that he was subjected to different terms and conditions of employment, Complainant has asserteed that he was searched in public view while other associates have been taken to a private back room for such searches. Complainant has submitted his personal incident statement, which states that Complainant informed the police officer that he could check his bag, but that he wanted a manager present. Complainant's statement demonstrates that Complainant offered to have his bag checked on the spot, never requesting to be moved to a more private area. Complainant fails to demonstrate that similarly situated employees (i.e. employees who have set the anti-theft alarm off) not in his protected class were not subjected to a search.

**CONCLUSION:**

For the foregoing reasons, a finding of **lack of probable cause** is recommended.

_____
Brian Flaherty
*Compliance Officer I*

_____
Jean Clanton
*Supervisor*

Cc:   Home Depot
      Colleen Hayes-Hilton
      15 Dan Road
      Canton, MA 02021

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108
Tel (617) 994-6000
Fax (617) 994-6024

June 8, 2004

Stephen Powell
41 Hilburn Street
Roslindale, MA 02131

      RE: Stephen Powell v. Home Depot
          MCAD Docket No 021300024

Dear Parties:

You are hereby notified the Commission has received your appeal in the above referenced matter. A preliminary hearing has been scheduled for July 12, 2004 at 1:00 p.m., in the Boston Office.

Please bring any additional information you wish to present to the Commission in support of your appeal.

If Complainant is unable to attend, a written appeal may be submitted. If the Respondent is unable to attend, no continuance will be granted.

                                  Very truly yours,

                                  Nancy M. To
                                  Appeals Process Coordinator

cc: Home Depot
    Colleen Hayes-Hilton, EEO Specialist
    15 Dan Road
    Canton, MA 02021