UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
STEPHEN D. POWELL,                  )
      Plaintiff,                    )
                                    )
v.                                  )   Civil Action No. 04-11436-DPW
                                    )
HOME DEPOT, INC., and               )
HOME DEPOT U.S.A., INC.,            )
      Defendants.                   )
_____ )


**DEFENDANT HOME DEPOT U.S.A., INC.'S**
**FIRST AMENDED ANSWER TO AMENDED COMPLAINT**

The Defendant, Home Depot U.S.A., Inc.[1] (hereinafter referred to as "Defendant" or "Home Depot") hereby answers the First Amended Complaint filed by Plaintiff *Pro Se* Stephen D. Powell ("Plaintiff") as follows:

1. The first paragraph of Plaintiff's Amended Complaint calls for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the first paragraph of Plaintiff's Amended Complaint.

**I.     Parties**

A. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "(A)" of Plaintiff's Amended Complaint and therefore denies such allegations.

---

[1] Plaintiff has improperly named Home Depot, Inc. and Home Depot, U.S.A., Inc. as Defendants.

B.      Defendant admits that Home Depot U.S.A., Inc. has a principle place of business in Atlanta, Georgia and further admits that it was served with Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph "B" of Plaintiff's Amended Complaint.

## II.      Federal Jurisdiction

1.      The allegations contained in the "Federal Jurisdiction" Paragraph of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the "Federal Jurisdiction" Paragraph of Plaintiff's Amended Complaint.

## III.      Factual Background and Affidavit

1.      Defendant restates and reincorporates its response to Plaintiff's Complaint as if fully set forth herein.

A.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "A" of Plaintiff's Amended Complaint.

B.      Defendant admits that Plaintiff was hired on or about January 2, 2001 to work in its Everett, Massachusetts store.

C.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "C" of Plaintiff's Amended Complaint. Further answering, Defendant admits that it owns and operates a Home Depot store at 1 Mystic View Road in Everett, Massachusetts.

D.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "D" of Plaintiff's Amended Complaint.

Further answering, Defendant admits that Plaintiff was hired by its Everett, Massachusetts store as a part time sales associate.

E. Defendant denies the allegations contained in Paragraph "E" of Plaintiff's Amended Complaint.

F. Defendant denies the allegations contained in Paragraph "F" of Plaintiff's Amended Complaint. Further answering, Defendant admits that on December 21, 2001, Plaintiff's bag was searched after Plaintiff set off the Everett, Massachusetts store's alarm system.

G. Defendant admits that on August 1, 2001, Plaintiff received a disciplinary notice from his supervisor for violation of company policies and procedures for arriving late to work. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

H. Defendant admits that on August 4, 2001, Plaintiff received a disciplinary notice from his supervisor for continued tardiness. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

I. Defendant denies the allegations contained in Paragraph "I" of Plaintiff's Amended Complaint, except that it admits that on December 21, 2001, Officer Vetrano provided security services at Defendant's Everett, Massachusetts store.

J. Defendant admits that on February 26, 2002, the Massachusetts Commission Against Discrimination held an Investigative Conference as a result of a Charge of Discrimination brought by Plaintiff.

K. Defendant admits than on January 7, 2002, Plaintiff received a performance review. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

L.   Defendant denies the allegations contained in paragraph "L" of Plaintiff's Amended Complaint as Plaintiff has not reported to work at Home Depot since May 20, 2004. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

M.   Defendant denies Defendant denies the allegations contained in paragraph "M" of Plaintiff's Amended Complaint except that it admits that on or about April 15, 2002, Plaintiff received an increase in pay from $12.00 per hour to $13.00 per hour. Further answering, to the extent Plaintiff refers to a document entitled Charge of Discrimination filed with the Massachusetts Commission Against Discrimination, the document speaks for itself.

N.   Defendant admits that on October 29, 2002, Troy Dolan was an employee at its Everett, Massachusetts location.

O.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "O" of Plaintiff's Amended Complaint.

P.   Defendant denies the allegations contained in Paragraph "P" of Plaintiff's Amended Complaint except that Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that "he became very fearful of his life an dwell-being around his work environment and especially around 'Dolan Troy'."

Q.   The allegations contained in Paragraph "Q" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "Q" of Plaintiff's Amended Complaint.

R.   The allegations contained in Paragraph "R" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required

to respond, Defendant denies each and every statement contained in Paragraph "R" of Plaintiff's Amended Complaint.

S.  The allegations contained in Paragraph "S" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "S" of Plaintiff's Amended Complaint except that Defendant admits that it issued a final counseling notice to Plaintiff on November 13, 2002 for his continued display of lack of respect for supervisory employees. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

T.  The allegations contained in Paragraph "T" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "T" of Plaintiff's Amended Complaint except that Defendant admits that on January 28, 2004, Ana Hernandez was an employee who worked at its Everett, Massachusetts store.

U.  Defendant admits that it investigated an allegation of sexual assault levied by Ana Hernandez against Plaintiff.

V.  Defendant admits that Plaintiff denied the allegation of sexual assault levied by Ana Hernandez. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

W.  Defendant denies the allegations contained in Paragraph "W" of Plaintiff's Amended Complaint except that it admits that it investigated an allegation of sexual assault levied by Ana Hernandez against Plaintiff. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

X.  The allegations contained in Paragraph "X" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "X" of Plaintiff's Amended Complaint except that Defendant admits that it investigated an allegation of sexual assault levied by Ana Hernandez against Plaintiff.

Y.  Defendant denies the allegations contained in Paragraph "Y" of Plaintiff's Amended Complaint except that it admits that it investigated an allegation of sexual assault levied by Ana Hernandez against Plaintiff.

Z.  Defendant denies the allegations contained in Paragraph "Z" of Plaintiff's Amended Complaint.

AA.  Defendant admits that the Massachusetts Commission Against Discrimination issued a lack of probable cause finding on Plaintiff's Charge of Discrimination on July 22, 2003. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

BB.  Defendant denies the allegations contained in Paragraph "BB" of Plaintiff's Amended Complaint except that it admits that on April 15, 2004, John Auger was a Home Depot employee.

CC.  Defendant denies the allegations contained in Paragraph "CC" of Plaintiff's Amended Complaint except that it admits that on April 15, 2004, John Auger was a Home Depot employee.

DD.  The allegations contained in Paragraph "DD" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "DD" of

Plaintiff's Amended Complaint except that Defendant admits that on April 15, 2004, John Auger and John Carr were Home Depot employees.

EE. The allegations contained in Paragraph "EE" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "EE" of Plaintiff's Amended Complaint except that Defendant admits that on April 15, 2004, John Auger and John Carr were Home Depot employees.

FF. The allegations contained in Paragraph "FF" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "FF" of Plaintiff's Amended Complaint except that Defendant admits that on April 15, 2004, John Auger and John Carr were Home Depot employees.

GG. The allegations contained in Paragraph "GG" of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "GG" of Plaintiff's Amended Complaint except that Defendant admits that on April 15, 2004, John Carr was a Home Depot employees.

HH. The allegations contained in Paragraph "HH" of Plaintiff's Amended Complaint call for a medical conclusion to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in Paragraph "HH" of Plaintiff's Amended Complaint except that Defendant admits Plaintiff was placed on an unpaid leave of absence for personal reasons from May 20, 2004 until June 3, 2004. Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

H. [sic]  Defendant admits that the initial Complaint was filed on June 21, 2004, and Defendant responded to the Complaint in a timely manner.

JJ.	Defendant admits that it filed an Answer to Plaintiff's Complaint on August 11, 2004 by and through its attorneys Morgan, Brown & Joy, LLP.

KK.	Defendant admits that it complied with the Local Rules of Civil Procedure and the Federal Rules of Civil Procedure.  Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

LL.	Defendant admits that it complied with the Local Rules of Civil Procedure and the Federal Rules of Civil Procedure.  Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.

## Count I –
### Hostile work [sic] Environment and Harassment

1.	Defendant restates and reincorporates its response to Paragraphs A – LL of Plaintiff's Amended Complaint as if fully set forth herein.  Further answering, the allegations contained in the first paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the first paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint.

2.	The allegations contained in the second paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the second paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint.

3. The allegations contained in the third paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the third paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint.

4. The allegations contained in the fourth paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the fourth paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint.

5. The allegations contained in the fifth paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the fifth paragraph of the "Hostile work [sic] Environment and Harassment" section of Plaintiff's Amended Complaint.

**Count II –
Denial of Timely Basic Performance Equal Pay Due to Color,** [sic] **and Race**

1. Defendant restates and reincorporates its response to Paragraphs A – LL and Paragraphs 1-5 of Count I of Plaintiff's Amended Complaint as if fully set forth herein. Further answering, the allegations contained in the first paragraph of the "Denial of Timely Basic Performance Equal Pay Due to Color, [sic] and Race" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the first paragraph of the

"Denial of Timely Basic Performance Equal Pay Due to Color, [sic] and Race" section of Plaintiff's Amended Complaint.

### Count III –
### Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]

1.      Defendant restates and reincorporates its response to Paragraphs A – LL, Paragraphs 1-5 of Count I, and Paragraph 1 of Count II of Plaintiff's Amended Complaint as if fully set forth herein.  Further answering, the allegations contained in the first paragraph of the "Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the first paragraph of the "Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]" section of Plaintiff's Amended Complaint.

2.      The allegations contained in the second paragraph of the "Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the second paragraph of the "Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]" section of Plaintiff's Amended Complaint.

3.      The allegations contained in the third paragraph of the "Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the third paragraph of the "Common law assault [sic], Failure to Properly Train Upper Management Personnel; [sic] Federal Due Process and Equal Protection Right. [sic]" section of Plaintiff's Amended Complaint.

**Count IV –
Defamation; Libel and Slander; False Accusation, [sic] Subjective
Investigation and Failure of Equal Representation Due to Sex, Race and Color**

1.      Defendant restates and reincorporates its response to Paragraphs A – LL of Plaintiff's Amended Complaint, Paragraphs 1-5 of Count I, Paragraph 1 of Count II, and Paragraphs 1-3 of Count III as if fully set forth herein.  Further answering, the allegations contained in the first paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the first paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint.

2.      The allegations contained in the second paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant

denies each and every statement contained in the second paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint.

3. The allegations contained in the third paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the third paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint.

4. The allegations contained in the fourth paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required. To the extent Defendant is required to respond, Defendant denies each and every statement contained in the fourth paragraph of the "Defamation; Libel and Slander; False Accusation, [sic] Subjective Investigation and Failure of Equal Representation Due to Sex, Race and Color" section of Plaintiff's Amended Complaint.

**Count V –
Federal and state [sic] Constitutional Rights Violations,
Unreasonable Search and Seizure, U.S.C.A. Amend (sic) IV AND (sic) XIV; (sic)
Massachusetts Constitution and Civil Right (sic) Article 12**

1. Defendant restates and reincorporates its response to Paragraphs A – LL, Paragraphs 1-5 of Count I, Paragraph 1of Count II, Paragraphs 1-3 of Count III, and Paragraphs 1-4 of Count IV of Plaintiff's Amended Complaint as if fully set forth herein. Further answering, the allegations contained in the first paragraph of the "Federal and state [sic]

Constitutional Rights Violations, Unreasonable Search and Seizure, U.S.C.A. Amend (sic) IV AND (sic) XIV; (sic) Massachusetts Constitution and Civil Right (sic) Article 12" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the first paragraph of the "Federal and state [sic] Constitutional Rights Violations, Unreasonable Search and Seizure, U.S.C.A. Amend (sic) IV AND (sic) XIV; (sic) Massachusetts Constitution and Civil Right (sic) Article 12" section of Plaintiff's Amended Complaint.

2.	The allegations contained in the second paragraph of the "Federal and state [sic] Constitutional Rights Violations, Unreasonable Search and Seizure, U.S.C.A. Amend (sic) IV AND (sic) XIV; (sic) Massachusetts Constitution and Civil Right (sic) Article 12" section of Plaintiff's Amended Complaint call for legal conclusions to which no response is required.  To the extent Defendant is required to respond, Defendant denies each and every statement contained in the second paragraph of the "Federal and state [sic] Constitutional Rights Violations, Unreasonable Search and Seizure, U.S.C.A. Amend (sic) IV AND (sic) XIV; (sic) Massachusetts Constitution and Civil Right (sic) Article 12" section of Plaintiff's Amended Complaint.

**AFFIRMATIVE DEFENSES**

1.	The Complaint fails to state a claim upon which any relief can be granted.

2.	Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to assert the legal basis or bases of his claim(s).

3.	Plaintiff's claims are barred, in whole or in part, because he has failed to comply with the applicable administrative procedures that are a prerequisite to maintaining this action.

4. Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies.

5. Plaintiff's claims are barred, in whole or in part, because of the applicable statute of limitations, to the extent such claims were not presented to the EEOC and/or the Massachusetts Commission Against Discrimination in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law under Title VII or M.G.L. c. 151B.

6. Some or all of Plaintiff's claims are barred, in whole or in part, because all actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

7. Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant's actions toward Plaintiff, if any, were at all times in good faith and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered an adverse employment action.

9. Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate his damages, if any.

10. Any entitlement of Plaintiff to punitive damages for the alleged discriminatory employment decisions of Defendant is contrary to Defendant's good faith efforts to comply with all equal employment opportunity laws.

11. The Plaintiff is estopped from asserting Plaintiff's claims by Plaintiff's own actions.

12. Defendant acted without malice or fault in all conduct relating to this matter.

13. Defendant at all time acted in good faith toward Plaintiff.

14. Some or all of Plaintiff's claims are barred by the Exclusivity Provision of the Massachusetts Worker's Compensation Act.

15. Defendant has in place a clear and well-disseminated policy against discrimination on the basis of Race and Color, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

16. To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to issue written warnings to Plaintiff (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiff but for such discriminatory intent or motive.

17. If any improper, illegal, or discriminatory act were taken by any Home Depot employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Home Depot's policies, and was not ratified, confirmed, or approved by Home Depot. Thus, any such actions cannot be attributed or imputed to Home Depot.

18. Any improper, illegal, or discriminatory actions by any Home Depot employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Home Depot and, thus, cannot be attributed or imputed to Home Depot.

19. Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Complaint at any time material to his Complaint.

20. Some or all of Plaintiff's claims are barred, in whole or in part, because he has failed to allege facts which would entitle him to punitive damages.

21. Defendant is not liable for punitive damages under federal or state law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

22. Some or all of Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, laches and unclean hands.

23. Plaintiff's Complaint is barred, in whole or in part, because Defendant's detention and/or restraint of Plaintiff, if any, was justified as a legitimate exercise of appropriate authority and/or duty to investigate theft.

24. Plaintiff's Complaint is barred, in whole or in part, because Defendant's actions, including, but not limited to, Defendant's detention or restraint of Plaintiff, if any, were consented to by Plaintiff and/or were not against Plaintiff's will and/or Plaintiff was free to leave the investigation interview at any time.

25. Any alleged actions that may have occurred by Defendant were consented to by Plaintiff or were reasonable given the circumstances.

26. Defendant's actions did not create a reasonable apprehension or fear of imminent bodily harm to Plaintiff, and Defendant did not intend to injure Plaintiff or to cause Plaintiff to fear injury.

27. Defendant did not inflict a harmful or offensive contact with Plaintiff, nor did Defendant intend to do so.

28. Defendant did not negligently or intentionally engage in extreme or outrageous conduct toward Plaintiff nor did Defendant negligently or intentionally cause Plaintiff to suffer emotional distress.

29. Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

30. Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

31. Some or all of Plaintiff's claims are barred because Plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

32. Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

33. Plaintiff's claims are barred, in whole or in part, because Defendant is a private corporation and as such, Constitutional claims cannot be levied against it. Plaintiff has not suffered an adverse employment action.

34. Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE the Defendant, Home Depot U.S.A., Inc., respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Home Depot its costs and attorney's fees incurred in this action, and award Home Depot any such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant, Home Depot U.S.A., Inc., hereby claims a trial by jury as to all counts.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By Its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109
(617) 523-6666


_s/ Leah M. Moore_____
Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)
Leah M. Moore (BBO No. 658217)

Date: April 11, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the pro se litigant, Mr. Stephen D. Powell, at his address of records:  41 Hilburn Street, Roslindale, MA 02131, by first-class U.S. Mail this 11th day of April 2005.

_s/ Leah M. Moore_____
Leah M. Moore